

FILED-ED4
02 SEP 25 AM 11:44
CLERK
U.S. DISTRICT COURT

DOCKETED
SEP 2 6 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

         **Plaintiff,**

    **v.**

**VILLAGE OF OAK PARK**

         **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

# 02 C 6856

**CIVIL ACTION NO.**

JUDGE GOTTSCHALL

MAGISTRATE JUDGE DENLOW

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. 621 et

seq., to correct unlawful employment practices on the basis of age and to provide appropriate

relief to Thomas Hawkins, Charles Cominsky, and a class of individuals over the age of 40 who

were adversely affected by such practices. Plaintiff Equal Employment Opportunity

Commission ("EEOC" or "Commission") alleges that the Fire Department of Defendant Village

of Oak Park 1) failed to promote Thomas Hawkins to battalion chief because of his age; 2)

retaliated against Hawkins for filing a charge with EEOC; and 3) discriminated against Charles

Cominsky and a class of individuals over the age of 40 by requiring that they take a functional

capacity exam before returning to work after experiencing an injury or illness while not requiring

younger employees returning to work after experiencing an injury or illness to do so.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA")

which incorporates by reference Sections 16(b) and 17 of the Fair Labor Standards Act of 1938

(the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

     2.     The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of

Illinois.

### PARTIES

     3.     The Equal Employment Opportunity Commission is an agency of the United

States of America charged with the administration, interpretation and enforcement of the ADEA,

29 U.S.C. § 626(b) as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat.

3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

     4.     At all relevant times, Defendant Village of Oak Park has continuously been a

political subdivision of the State of Illinois.

     5.     At all relevant times, Defendant Village of Oak Park has continuously been an

employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

### CONCILIATION

     6.     Prior to institution of this lawsuit, the Commission's representatives attempted to

eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the

meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.    Since at least August 1999, Defendant Village of Oak Park has engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). These practices include, but are not limited to:

(a) failing to promote Hawkins, then age 56, to battalion chief in the Fire Department of Defendant Village of Oak Park in 1999 because of his age;

(b) failing to promote Hawkins, then age 57, to battalion chief in the Fire Department of Defendant Village of Oak Park in 2000 because of his age; and

(c) discriminating against Cominsky, age 54, and a class of employees over age 40 in the Fire Department of Defendant Village of Oak Park by maintaining a policy or practice of requiring individuals over age 40 to pass a functional capacity examination before returning to work after an injury or illness while not requiring younger individuals returning to work after illness or injury to pass a functional capacity examination.

8.    Since at least June 2000, Defendant Village of Oak Park has engaged in unlawful employment practices in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d). These practices include, but are not limited to, failing to promote Hawkins to battalion chief in the Fire Department of Defendant Village of Oak Park and denying Hawkins training opportunities because he filed a charge of discrimination with EEOC.

9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Thomas Hawkins, Charles Cominsky, and a class of employees over the age of 40 of equal employment opportunities in the Fire Department of Defendant Village of Oak Park and otherwise adversely affect their status as employees because of their age.

3

10.     The unlawful employment practices complained of in paragraphs 7 and 8 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Village of Oak Park, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against individuals over the age of 40 with respect to promotions; discriminating against individuals over the age of 40 with respect to policies or practices regarding returning to work after injury or illness; engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older; and engaging in any employment practice which discriminates against individuals who have opposed any practice made unlawful by the ADEA or made a charge, testified, assisted, or participated in any investigation, proceeding, or litigation under the ADEA, all of the foregoing at or in the Fire Department of the Village of Oak Park.

B.      Order Defendant Village of Oak Park to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgement requiring Defendant Village of Oak Park to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above.

D.      Order Defendant Village of Oak Park to make whole all individuals adversely

4

affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to promotion and the provision of training opportunities.

      E.      Grant such further relief as the Court deems necessary and proper in the public interest.

      F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Nicholas M. Inzeo
Acting Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Noelle Brennan
Supervisory Trial Attorney

Ann Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, IL 60661
(312) 353-8558

6

Civil Cover Sheet

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cf



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

SEP 2 6 2002

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

County of Residence:

Plaintiff's Atty:    Ann Henry
Equal Employment Opportunity
Commission
500 W. Madison, Suite 2800
Chicago, IL 60661
312-353-8558

**Defendant(s):VILLAGE OF OAK PARK**

County of Residence:

Defendant's Atty:

Jane Mc Fetridge
Fisher & Phillips LLP
140 South Dearborn,
Chicago, IL 60603

II. Basis of Jurisdiction:    **1. U.S. Gov't Plaintiff**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **N/A**

Defendant:- **N/A**

**02 C 6856**

**JUDGE GOTTSCHALL**

**MAGISTRATE JUDGE DENLOW**

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **442 Employment**

VI.Cause of Action:    **This is an action under the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., to correct the unlawful employment practices on the basis of age.**

VII. Requested in Complaint

Class Action:

Dollar Demand:

Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

02 SEP 25 AM II: 44
CLERK
U.S. DISTRICT COURT
FILED-ED4

Signature:

Date: 9/25/02

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

**DOCKETED**

**SEP 2 6 2002**

In the Matter of

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                    Plaintiff,
v.
VILLAGE OF OAK PARK,
                          Defendant.

Case Number: **02 C 6856**

**JUDGE GOTTSCHALL**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION     **MAGISTRATE JUDGE DENLOW**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Ann Henry | NAME Noelle C. Brennan |
| FIRM Equal Employment Opportunity Commission | FIRM Equal Employment Opportunity Commission |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP Chicago, IL 60661 |
| TELEPHONE NUMBER (312) 353-8558 | TELEPHONE NUMBER (312) 353-7582 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC No. 06272394 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC No. 06228901 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME John C. Hendrickson | NAME |
| FIRM Equal Employment Opportunity Commission | FIRM |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 353-8551 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC No. 01187589 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED 02 SEP 25 AM 1:46 U.S. DISTRICT COURT CLERK